IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES TERRY KIMBRELL,
Individually and Derivatively on
Behalf of Nominal Defendant
PEACOCK GOLF PRODUCTS, INC.                                                PLAINTIFF

v.                        CASE NO. 4:06-CV-01596 BSM

FRANK BEAUCHAMP and
HELEN RUTH PEACOCK BEAUCHAMP                                    DEFENDANTS

-and-

PEACOCK GOLF PRODUCTS, INC.                               NOMINAL DEFENDANT

## ORDER

Pending before this court are Defendants' motion for summary judgment [Doc. # 37] and Plaintiff's response [Doc. # 47]. For the reasons set out below, the motion is denied.

## FACTS

Peacock Golf Incorporated is an Arkansas Corporation formed by defendants Helen and Frank Beauchamp (collectively, "Defendants") that is in the business of selling golf products and supplies. Plaintiff Charles Kimbrell is a minority shareholder in Peacock and the Defendants are the majority shareholders.

On November 11, 2006, Plaintiff Kimbrell filed suit individually and on behalf of Peacock. On Peacock's behalf, he brings a shareholder's derivative action pursuant to Rule 23.1 of the Federal Rules of Civil Procedure alleging breaches of fiduciary duty, good faith, and loyalty. He also seeks to have equity void Helen Beauchamp's shares *ab initio*. In the alternative, he requests that she be ordered to reimburse Peacock for all of the payments made to her. Individually, Mr. Kimbrell brings

a direct action seeking the following: (1) to have equity void Helen Beauchamp's shares ab initio; (2) to compel the declaration of a dividend; (3) damages for breach of fiduciary duty owed him; (4) damages for oppression; (5) full disclosure of corporate records; and (6) protection from the majority shareholders "squeezing him out" of his reasonable expectation of his investment.

Defendants filed their motion for summary judgment on December 13, 2007. They assert that they are entitled to summary judgment on all of Plaintiff Kimbrell's claims accruing before November 3, 2003, on Plaintiff Kimbrell's direct action claims, and on the derivative claim to compel the payment of dividends.

## STANDARD FOR SUMMARY JUDGMENT

When considering motions for summary judgment, this court views the evidence in a light most favorable to the nonmoving party and gives that party the benefit of all inferences that might reasonably be drawn. *See Buboltz v. Residential Advantages, Inc.*, 523 F.3d 864 (8th Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery, and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The party seeking summary judgment always bears the initial responsibility of informing this court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. In order to create an issue for trial, the nonmoving party must produce sufficient evidence to support a verdict in the nonmoving party's favor based on more than speculation, conjecture, or fantasy. *Doe v. Dep't of Veterans Affairs of*

*U.S.*, 519 F.3d 456, 460 (8th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson*, 477 U.S. at 247-48. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id*. at 248. This court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Id*. at 249.

## DISCUSSION

Defendants assert that the statute of limitations bars all of Plaintiff Kimbrell's claims accruing prior to November 3, 2003. In support of this allegation, they first argue that as an officer in Peacock, plaintiff Kimbrell had a continuing duty to keep himself informed as to Peacock's activities and financial affairs and should not be allowed to disregard his duties while seeking to hold others accountable. Plaintiff Kimbrell counters by arguing that, prior to 2006, he never accepted a position with Peacock, never attended annual meetings, and never received notices of the annual meetings. He submits his deposition testimony and the corporate records in support of his argument.

The law imposes a high standard of conduct upon an officer or director of a corporation, predicated upon the fact that he/she has voluntarily accepted a position of trust and has assumed the control of the property of others. *Taylor v. Terry*, 279 Ark. 97, 98, 649 S.W.2d 392, 392-3 (1983); *Raines v. Toney*, 228 Ark. 1170, 1178, 313 S.W.2d 802, 808 (1958). Actions are illegal, however, that are taken at a shareholder's meeting of which absent shareholders had no notice. *Marine Servs. Unlimited, Inc.* 323 Ark. 757, 764, 918 S.W.2d 132, 135 (1996) (stating actions of a majority of the members of the board of directors are invalid if absent directors had no legal notice of the meetings); *Ray Townsend Farms, Inc. v. Smith*, 91 Ark. App. 22, 31, 207 S.W.3d 557, 564 (2005).

Furthermore, if Plaintiff Kimbrell was not elected or if he was elected, but not notified, and if he did not accept the election and did not participate in the meetings of the board before 2006, then he can not be held to the same standard as Defendants. *See Bank of Commerce et al. v. Goolsby et al.*, 129 Ark. 416, 196 S.W.803, 812 (1917). Upon viewing the evidence in a light most favorable to Plaintiff Kimbrell, the court finds that a material issue of fact exists as to whether, prior to 2006, Plaintiff Kimbrell accepted the positions to which Defendants claim he was elected. The court also finds that there is a material issue of fact in dispute regarding whether Plaintiff Kimbrell had notice of the annual meetings in question.

In support of their statute of limitations allegation, Defendants also argue that Plaintiff Kimbrell cannot prove that fraudulent concealment tolls the statute of limitations. They specifically assert that if Plaintiff Kimbrell had exercised reasonable diligence, he would have detected any purported breach of fiduciary duty by Defendants.

Fraudulent concealment suspends the running of the statute of limitations, and the suspension remains in effect until the party having the cause of action discovers the fraud or should have discovered it by the exercise of due diligence. *Meadors v. Still*, 344 Ark. 307, 40 S.W.3d 294 (2001); *Floyd v. Koenig*, 101 Ark. App. 230, __ S.W.3d __ (2008). Arkansas courts have held that although the question of fraudulent concealment is normally a question of fact that is not suited for summary judgment, when the evidence leaves no room for a reasonable difference of opinion, a trial court may resolve fact issues as a matter of law. *Varner v. Peterson Farms*, 371 F.3d 1011 (8th Cir. 2004); *Bomar v. Moser*, 369 Ark. 123, __ S.W.3d __ (2007); *Meadors*, 344 Ark. at 307, 40 S.W.3d at 294. In order to toll the statute of limitations on the basis of fraudulent concealment, there must be (1) a positive act of fraud, (2) that is actively concealed, and (3) is not discoverable by reasonable

diligence. *Bomar*, 369 Ark. at ___, ___ S.W.3d at ___.

Plaintiff Kimbrell counters by submitting deposition testimony and corporate records showing that Defendants concealed their conduct on Peacock's financial statements in such a manner that a question of material fact arises as to whether the conduct would be discovered by the exercise of reasonable diligence. Plaintiff Kimbrell also argues that a special relationship existed between he and the Defendants and based on this relationship the Defendants had a duty to speak.

Under Arkansas law, a party may have an obligation to speak rather than remain silent, when a failure to speak is the equivalent of fraudulent concealment. *Union Nat'l Bank of Little Rock v. Farmers Bank, Hamburg, Ark.*, 786 F.2d 881 (8th Cir. 1986); *Ward v. Worthen Bank & Trust Co.*, N.A., 284 Ark. 355, 681 S.W.2d 365 (1984); *Floyd*, 101 Ark. App. at ___, ___ S.W.3d at ___; *Lambert v. Firstar Bank, N.A.*, 83 Ark. App. 259, 265, 127 S.W.3d 523, 527 (2003). The duty arises where one person is in a position to have and to exercise influence over another who reposes confidence in him/her whether a fiduciary relationship in the strict sense of the term exists between them or not. *Union Nat'l Bank*, 786 F.2d at 887.

Plaintiff Kimbrell is a minority shareholder and the Defendants are the majority shareholders. A majority shareholder has a fiduciary duty not to misuse his power by promoting his personal interest at the expense of corporate interest. *See U.S. v. Byrum*, 408 U.S. 125, 138 (1972). Plaintiff Kimbrell also submits deposition testimony showing that, from 1995 to 2003, he relied on defendant Frank Beauchamp's representation that Peacock was in debt and unable to pay a dividend. That deposition testimony includes the deposition of defendant Frank Beauchamp, who stated that Plaintiff Kimbrell was justified in relying on his word. Viewing this evidence in a light most favorable to Plaintiff Kimbrell, the Court finds that a material issue of fact exists as to whether a

special relationship existed between Plaintiff Kimbrell and Defendant Frank Beauchamp.

Defendants also allege that they are entitled to summary judgment on Plaintiff Kimbrell's direct cause of action. They specifically argue that Plaintiff Kimbrell has no direct cause of action against them for breach of fiduciary duty or to compel the payment of dividends.

As a general rule, a corporation is a distinct entity from its stockholders. *Hames v. Cravens*, 332 Ark. 437, 441, 966 S.W.2d 244, 246 (1998); *see Farm Bureau Ins. Co. of Ark. v. Running M Farms, Inc.*, 366 Ark. 480, 487, 237 S.W.3d 32, 37 (2006); *HRR Ark. Inc. v. River City Contractor, Inc.*, 350 Ark. 420, 427, 87 S.W.3d 232, 237 (2002). When, however, a shareholder believes that the corporation has been harmed, the shareholder may be entitled to bring an action in a derivative suit, in the corporation's name, to seek redress for that injury. *Hames*, 332 Ark. at 441, 966 S.W.2d at 246. A shareholder may bring a direct suit only where the shareholder asserts a direct injury to the shareholder that is distinct and separate from the harm caused to the corporation. *Farm Bureau Ins. Co. of Ark.*, 366 Ark. at 487, 237 S.W.3d at 37; *Golden Tee, Inc., v. Venture Golf Schs., Inc.*, 333 Ark. 253, 260, 969 S.W.2d 625, 629 (1998). A plaintiff can maintain a direct action even if the corporation was similarly harmed. *Hames*, 332 Ark. at 442, 966 S.W.2d at 247.

Plaintiff Kimbrell submits evidence suggesting that he has indeed suffered an injury that is separate and distinct from that of Peacock. Therefore, the Court finds that a material issue of fact exists as to whether Plaintiff Kimbrell has suffered a separate and distinct injury that would support his direct action alleging Defendants breached their fiduciary duty.

As to the payment of dividends, it appears that Arkansas courts follow the approach that a shareholder seeking to compel the payment of a dividend is seeking to enforce a personal right which may be asserted in a direct action. *See Hames*, 332 Ark. at 442, 966 S.W.2d 247. Accordingly,

Plaintiff Kimbrell has a right to bring a direct action for the payment of dividends.

Lastly, Defendants allege that they are entitled to summary judgment on Plaintiff Kimbrell's derivative claim for the payment of dividends because he has not and cannot present any evidence to support a derivative claim for the payment of dividends. They assert that dividends were not paid because, in the directors' judgment, a dividend was never appropriate. Ordinarily, the declaration and payment of a dividend rests in the discretion of the corporation's board of directors in the exercise of its business judgment. *Mann-Paller Found., Inc. v. Econometric Res. Inc.*, 644 F.Supp. 92 (D.C. Cir. 1986).

Plaintiff Kimbrell argues that because the Defendants are not disinterested, they cannot claim the protection of the business judgment rule. In order to invoke the protection of the business judgment rule, two elements must be satisfied. *Long v. Lampton*, 324 Ark. 511, 522, 922 S.W.2d 692, 699 (1996). First, the protection of the business judgment rule can only be claimed by disinterested directors whose conduct otherwise meets the tests of business judgment. *Id*. Second, to invoke the rule, directors have a duty to inform themselves of all material information reasonably available to them prior to making a business decision. *Id*. Disinterested directors are those who neither appear on both sides of the transaction nor expect to derive any personal financial benefit from it in the sense of self-dealing, as opposed to a benefit which develops upon the corporation or all stockholders generally. *Id*. Self-interest alone, is not a disqualifying factor even for a director. *Id*. To disqualify a director, for rule rebuttal purposes, there must be evidence of disloyalty. *Id*.

Plaintiff Kimbrell submits evidence suggesting that the Defendants were not disinterested and that the corporate form was abused. Accordingly, this court finds that a material issue of fact exists as to whether the Defendants are entitled to the protection of the business judgment rule.

## CONCLUSIONS

The Court finds that there are issues of material fact that affect the outcome of the suit under the governing law. Therefore, the Defendants' motion for summary judgment is denied. In conjunction with this order denying the motion for summary judgment, the Court also denies the joint motion for a continuance [Doc. # 53].

IT IS SO ORDERED this 2nd day of June, 2008.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE